UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


CAMELLA EXLEY and ROBERT EXLEY                CIVIL ACTION

VERSUS                                        NO. 06-2526

SUPERIOR ENERGY SERVICES, ET AL.              SECTION "F"


ORDER AND REASONS

Before the Court are three motions: (i) SPN's motion for summary judgment to dismiss the plaintiffs' claims against it; (ii) Tri-Vantage's motion for summary judgment dismissing SPN's cross-claim for contractual indemnity; and (iii) SPN's motion for summary judgment dismissing AIS's cross-claim for contractual indemnity. For the reasons that follow, (i) SPN's motion for summary judgment to dismiss the plaintiffs' claims is GRANTED; (ii) Tri-Vantage's motion for summary judgment is DENIED; and (iii) SPN's motion for summary judgment dismissing AIS's cross-claim is DENIED without prejudice as premature.

Background

On February 25, 2006, Robert Exley, a Tri-Vantage employee, was cutting through a bent piece of pipe on a hurricane-damaged walkway of a fixed oil and gas production platform on the Outer Continental Shelf in the Gulf of Mexico when the pipe struck him in the face and caused various injuries, including a fractured cheek

1

as well as neck, head, and lower back injuries.[1]

Platform South Pass 60ADG, the platform on which Exley was working, consists of three jacket structures connected by walkways. SPN Resources owns the platform, which is located on the Outer Continental Shelf.

SPN executed separate but functionally identical, contracts with AIS and Tri-Vantage, in which SPN engaged the respective companies as independent contractors to work on the platform.[2] In October 2004, SPN and AIS executed a Master Service Agreement regarding the "inspection, maintenance, operation, repair, and other service...in connection with its production facilities and/or equipment." AIS was contracted to provide "medical and safety services, fire watch services, and certain clerical services" aboard the platform. SPN hired Tri-Vantage, an offshore construction company, to provide "personnel and equipment necessary to perform storm related construction and repairs" to the platform in order to repair the damage to the platform during recent hurricanes.

Both agreements set forth the general terms of the parties'

---

[1] Mr. Exley was working by himself and using only Tri-Vantage equipment when he was injured. He was cutting an unrestrained pipe with a standard-length cutting torch supplied by Tri-Vantage, when the pipe sprung forward and struck him on the cheek, knocking him unconscious.

[2] These contracts appear to be standard master service form agreements used by SPN with its independent contractors.

agreements, but provide no specific detail as to the services to be provided.  Each contract contained the same mutual indemnification provision:  SPN agreed to indemnify its subcontractors (AIS and Tri-Vantage, respectively) against claims by SPN's employees, and the subcontractors in turn agreed to indemnify SPN against claims by their own employees.  Also, both contracts contained the same choice of law provision:  "[t]his Agreement shall be construed and enforced in accordance with the Maritime Laws of the United States and where such law is not applicable, the laws of the State of Texas, excluding its choice of laws provisions, shall apply."

On May 16, 2006, Mr. Exley and his wife, Camella Exley, sued Tri-Vantage, SPN, and AIS (and others).  AIS demanded defense and indemnification from SPN.  SPN refused but demanded the same from Tri-Vantage.  On September 28, 2006, AIS filed a cross-claim against SPN, which in turn filed a cross-claim against Tri-Vantage.

SPN now moves for summary judgment in its favor (i) on AIS's cross-claim against SPN and (ii) on the plaintiffs' claims against SPN.  SPN contends that application of the Louisiana Oilfield Indemnity Act voids any contractual indemnification right AIS asserts as indemnitee against SPN.  As to the plaintiffs' claims against it, SPN says that the undisputed evidence shows that SPN was not negligent under Louisiana law.

Tri-Vantage moves for summary judgment against SPN, contending that SPN's cross-claim seeking contractual indemnification is void

under the Louisiana Oilfield Indemnity Act.  SPN opposes application of the Louisiana anti-indemnity statute to its cross-claim at this juncture, contending that the issue is premature because there has been no determination that SPN (as indemnitee) is free from fault.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party

4

must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

## II.
## SPN's Liability to Plaintiffs

A.  Louisiana Law Applies to Plaintiffs' Negligence Claims

"[W]hen disputes arise involving fixed structures erected on the outer Continental Shelf, applicable laws of the adjacent state will be applied to the extent not inconsistent with other federal laws and regulations."  See Coulter v. Texaco, Inc., 117 F.3d 909, (5th Cir. 1997) (citations omitted).  Here, the underlying personal injuries giving rise to the plaintiffs' claims arose while Exley was working on a pipe on SPN's platform, which is located on the Outer Continental Shelf off the coast of Louisiana.  The parties do not dispute that Louisiana law applies to the plaintiffs' claims against SPN for personal injuries.

B.  Principal Liability

SPN moves for summary judgment dismissing plaintiffs' claims against it on the ground that there are no genuine issues of material facts that would bar the Court from entering judgment as a matter of law.  SPN contends that SPN had neither knowledge nor control of the manner in which the plaintiff made the cut on the pipe while he was working alone, for Tri-Vantage, on its platform.

Under Louisiana law, a principal cannot be liable for the acts or omissions of its independent contractor unless (1) the independent contractor was engaged to perform hazardous activities for the principal; or (2) the principal maintained operational control over the activity in question.  See Roberts v. Cardinal Services, Inc., 266 F.3d 368, 380 (5th Cir. 2001) (citations omitted).  It is undisputed that the exceptions do not apply here.[3]  Thus, the Court agrees with SPN that the record entitles it to judgment as a matter of law as to the plaintiffs' claims against it.  The plaintiffs do not deny or present any evidence contesting SPN's lack of operational control, independent contractor status,

---

[3] The plaintiffs do not dispute any of SPN's statement of uncontested material facts but oppose the motion on the grounds that SPN did not address the plaintiffs' contention that SPN failed to supply a rigid backboard and that a failure to provide a backboard was tantamount to finding that the platform was defective under Louisiana law.  The plaintiffs, however, fail to persuade the Court that any such legal obligation exists, let alone provide no any evidence contradicting SPN's Production Superintendant's sworn declaration that a medical backboard was maintained on the platform on the date of the accident.

or that the repair work was not ultrahazardous. Because the plaintiffs have not presented any evidence that would suggest that SPN was at fault in causing plaintiffs' injuries, SPN is entitled to judgment as a matter of law on the plaintiffs' claims against it.

### III.
### Indemnity Cross-Claims

A.  Applicability of LOIA

The dispute underlying the other two pending motions for summary judgment focuses on whether the indemnity provisions in the MSAs are valid and enforceable. The validity and enforceability of contractual indemnity provisions turns on what body of law governs the respective MSAs. All parties agree that Louisiana law applies as surrogate federal law under the Outer Continental Shelf Lands Act. The Court agrees.[4]

Three conditions must be met for Louisiana state law to apply as surrogate federal law through OSCLA:

(1)  The controversy must arise on a situs covered by OSCLA[;]
(2)  Federal maritime law must not apply of its own force[; and]
(3)  State law must not be inconsistent   with

---

[4] The Court notes that both MSAs contain a choice of law provision, providing:  "[t]his Agreement shall be construed and enforced in accordance with the Maritime Laws of the United States and where such law is not applicable, the laws of the State of Texas, excluding its choice of laws provisions, shall apply." However, parties cannot contract around OSCLA's statutory choice of law provision.  See Texaco Exploration & Prod., Inc. v. AmClyde Eng'd Prods. Co., 448 F.3d 760, 774 (5th Cir. 2006).

Federal law.

Texaco Exploration & Prod., Inc. v. AmClyde Eng'd Prods. Co., 448 F.3d 760, 774 (5th Cir. 2006). These conditions are indisputably met here. First, the dispute arises out of injuries that took place on an oil and gas production platform in the Gulf of Mexico, an OSCLA situs. Second, the alleged torts and contractual claims are not sufficiently connected to traditional maritime activity: The MSAs are non-maritime contracts and, therefore, maritime law cannot apply of its own force. See id. ("[t]here is nothing inherently maritime about the alleged causes of the damages in this case of platform construction..."). Third, the Fifth Circuit has determined that "nothing in the LOIA [is] inconsistent with federal law." See Hodgen v. Forest Oil Corp., 87 F.3d 1512, 1528 (5th Cir. 1996).

The Court now turns to whether the contractual indemnity claims survive application of the Louisiana Oilfield Indemnity Act, La.R.S. § 9:2780.

B. SPN's Indemnity Cross-Claim

Having determined that SPN was free from fault in causing plaintiffs' injuries and that Louisiana law applies to the indemnity claims under the MSAs, the Court may consider the viability of SPN's indemnity cross-claim against Tri-Vantage.

The LOIA was enacted to protect oilfield contractors from overreaching principals who use indemnity agreements to force

8

contractors to bear the risk of the principal's negligence. See Roberts v. Energy Development Corp., 104 F.3d 782, 784 (5th Cir. 1997) (citations omitted).  The LOIA thus voids defense and indemnity agreements that protect the principal against its own fault at the expense of the contractor if the indemnity provisions in the agreement pertain to an oil or gas well. See La. R.S. § 9:2780(A).  The LOIA's broad language has been as broadly interpreted by the Louisiana courts and the Fifth Circuit. See, e.g., Copous v. ODECO Oil & Gas, 835 F.2d 115, 117 (5th Cir. 1988); Broussard v. Conoco, Inc., 959 F.2d 42, 45 (5th Cir. 1992); St. Amant v. Glesby-Marks Corp., 532 So.2d 963, 965 (La.App. 5 Cir. 1988).  It provides in part:

> A. ...  It is the intent of the legislature by this Section to declare null and void and against public policy of the state of Louisiana any provision in any agreement which requires defense and/or indemnification, for death or bodily injury to persons, where there is negligence or fault (strict liability) on the part of the indemnitee, or an agent or employee of the indemnitee, or an independent contractor who is directly responsible to the indemnitee.
> B.  Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, or gaseous, or other state, is void and unenforceable to the extent that it purports to or does provide for defense or indemnity, or either, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee, or an

9

>     agent, employee, or an independent contractor
>     who is directly responsible to the
>     indemnitiee.

La. R.S. 9:2780.

A two-part test applies to determine whether the LOIA nullifies an indemnity provision: (1) whether the agreement in question pertains to a well; and (2) whether the agreement is involved with "operations related to the exploration, development, production, or transportation of oil, gas, or water" as defined by the statute.  See Broussard, 959 F.2d at 44 (citation omitted).

The parties do not dispute that both elements of this test are met here: SPN and Tri-Vantage executed a contract calling for Tri-Vantage to repair and service SPN's production platform. Nonetheless, SPN maintains that its claim for contractual indemnity against Tri-Vantage remains viable for the simple reason that SPN was not negligent and, thus, its indemnity claim falls outside the scope of the LOIA.  The LOIA simply does not apply where the indemnitee is not at fault.  The Court agrees.

The Court has already determined that SPN was not at fault for plaintiffs' injuries.  "The LOIA does not apply where the indemnitee is not negligent or at fault."  Am. Home Assurance Co. v. Chevron, USA, Inc., 400 F.3d 265, 271 (5th Cir. 2005).  Thus, SPN's indemnity claim falls outside the scope of the LOIA.  See Meloy v. Conoco, Inc., 504 So.2d 833, 838 (La. 1987) (indemnity agreements "are voided only to the extent that they purport to

require indemnification and/or defense where there is negligence or fault on the part of the indemnitee; otherwise, they are enforceable as any other legal covenant").

Because the Court has determined that SPN was not at fault, the LOIA does not apply to SPN's contractual indemnity claim and Tri-Vantage's motion for summary judgment dismissing SPN's indemnity cross-claim under the LOIA is DENIED.

C.  AIS's Indemnity Cross-Claim

SPN contends that the indemnity demand of AIS against SPN is void pursuant to the LOIA.  SPN contends that "the purported contractual defense obligation of SPN to AIS is moot as said obligation is and shall be the primary obligation of Tri-Vantage to AIS if AIS is absolved of fault following summary judgment motion or trial on the merits."  Thus, SPN concedes that its contractual defense obligations are only triggered in the event AIS is absolved from fault for plaintiffs' injuries.  See Meloy, 504 So.2d at 838 and 839, n.11 (noting that "a cause of action for indemnification for cost of defense does not arise until the lawsuit is concluded and defense costs are paid" and further that "[p]rior to a judicial determination, it is not known whether the indemnitee is or is not at fault").

Presently, there is nothing before the Court that invites a determination of AIS's liability to the plaintiffs.  Thus, any motion practice regarding the merits of AIS's contractual right to

11

indemnity, or whether that right is voided by the LOIA, is premature.

Accordingly, (i) SPN's motion for summary judgment to dismiss the plaintiffs' claims against it is GRANTED; (ii) Tri-Vantage's motion for summary judgment is DENIED; and (iii) SPN's motion for summary judgment dismissing AIS's cross-claim is DENIED without prejudice as premature.

New Orleans, Louisiana, March 14, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE