```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA


CAMELLA EXLEY and ROBERT EXLEY                        CIVIL ACTION

VERSUS                                                NO. 06-2526

SUPERIOR ENERGY SERVICES, ET AL.                      SECTION "F"
```

                            ORDER AND REASONS

Before the Court is Acadian Integrated Solutions' motion for summary judgment. For the reasons that follow, the motion is GRANTED.

                               Background

On February 25, 2006, Robert Exley, a Tri-Vantage employee, was cutting through a bent piece of pipe on a hurricane-damaged walkway on a fixed oil and gas production platform on the Outer Continental Shelf when the pipe struck him in the face and caused various injuries, including a fractured cheek as well as neck, head, and lower back injuries.[1]

SPN Resources, the owner of the platform, contracted with Tri-Vantage to repair the hurricane-damaged platform. SPN contracted with AIS to provide "medical and safety services, fire watch services, and certain clerical services" aboard the platform.

---

[1] Mr. Exley was working by himself and using only Tri-Vantage equipment when he was injured. He was cutting an unrestrained pipe with a standard-length cutting torch supplied by Tri-Vantage, when the pipe sprung forward and struck him on the cheek, knocking him unconscious.

1

On May 16, 2006, Mr. Exley and his wife, Camella Exley, sued Tri-Vantage, SPN, and AIS (and others).[2] The plaintiffs assert that the defendants, including AIS, were negligent in "Failing to have an adequate number of fire-watches on the platform[,] Failing to have adequately trained and supervised fire-watches[,] Failing to provide a rigid back board for the transportation of injured hands[,] Failing to transport Mr. Exley on a rigid back board[,] [r]endering inadequate and incompetent first aid and medical attention to Mr. Exley[.]"

AIS now moves for summary judgment, requesting that the Court dismiss the plaintiffs' claims.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of

---

[2] AIS demanded defense and indemnification from SPN. SPN refused but demanded the same from Tri-Vantage. On September 28, 2006, AIS filed a cross-claim against SPN, which in turn filed a cross-claim against Tri-Vantage. On March 14, 2007, the Court granted SPN's motion for summary judgment to dismiss the plaintiffs' claims against it, denied Tri-Vantage's motion for summary judgment on SPN's cross-claim, and denied without prejudice as premature SPN's motion for summary judgment on AIS's cross-claim.

fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

The Court has already determined, and the parties do not dispute, that Louisiana law applies to the plaintiffs' negligence

3

claims.³

To prove negligence under Louisiana law, the plaintiff must show that:

>    (1)  the defendant had a duty to conform his conduct to a specific standard (the duty element);
>    (2)  the defendant's conduct failed to conform to the appropriate standard (the breach element);
>    (3)  the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element);
>    (4)  the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and
>    (5) the actual damages (the damages element).

Lemann v. Essen Lane Daiquiris, Inc., 923 So.2d 627, 633 (La. 2006). The test is conjunctive: If the plaintiffs fail to prove even one of the elements, the defendant is not liable. See id.

AIS moves for summary judgment on the ground that there are no genuine issues of material facts barring the Court from entering judgment as a matter of law. The plaintiffs concede that AIS did not contribute to Mr. Exley's initial injuries in the pipe-cutting incident; instead, the plaintiffs contend that AIS rendered

---

³ See this Court's Order and Reasons dated March 14, 2007: "[W]hen disputes arise involving fixed structures erected on the outer Continental Shelf, applicable laws of the adjacent state will be applied to the extent not inconsistent with other federal laws and regulations." See Coulter v. Texaco, Inc., 117 F.3d 909, (5th Cir. 1997) (citations omitted). Here, the underlying personal injuries giving rise to the plaintiffs' claims arose in the course of repairing a pipe on SPN's platform, which is located on the Outer Continental Shelf off the coast of Louisiana.

inadequate medical care that caused more injuries.  The plaintiffs do not even speculate in what manner or to what extent AIS aggravated Mr. Exley's injuries.  Rather, they simply charge that Mr. Exley was "beat the hell up" by AIS in that (1) the AIS medic improperly inserted an intravenous needle into Mr. Exley's arm, (2) AIS failed to give Mr. Exley any medication while he was on the platform, (3) AIS had a duty to transport Mr. Exley with his head up and feet downward on a backboard, and (4) his clothes were cut up by one of the medics.

AIS supports each of its contentions that the three medics and/or fire-watches immediately treated Mr. Exley for his injuries and:  (1) there were no complications in inserting the intravenous needle; it simply did not take on the first attempt; (2) AIS medics determined that it would be improper to administer medication given the nature of the injuries;[4] and (3)  a Stokes basket/litter was specifically chosen to immobilize and transport Mr. Exley instead of a backboard (though one was available) because it was deemed more secure and at no time was Mr. Exley transported feet first.[5]

---

[4] Mr. Exley's deposition testimony further reveals that, had an AIS responder deemed it appropriate to administer medication to him, he would have refused it:  "I know they didn't give me no damn medication, because I screamed and cursed their ass out."

[5] Mr. Exley disputes whether he was, at times, transported feet first.  He admits that he has no support for any asserted legal implication:  he testified that no one with a medical background has ever told him that carrying him with his head down on the stairs could have worsened his condition; he says that his physical therapist told him that AIS should not have

The Exleys deny AIS's contentions, suggesting that there is a lack of evidence in the record, and they urge the Court that "[t]he jury should...be allowed to determine whether AIS injured Mr. Exley through its negligence, especially given the broad scope of duties created by the applicable law[,] La. Civ. Code art. 2315." But, on summary judgment, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey, 974 F.2d at 649. Moreover, as noted, summary judgment is proper if the non-moving party fails to establish an essential element of his case. See Celotex, 477 U.S. at 322-23. Instead of submitting evidence on any of the central elements of the claim against AIS, particularly causation, the plaintiffs simply speculate and generalize that AIS's response exacerbated Mr. Exley's injuries. Their speculation, and this record, can not survive summary judgment.

Because the plaintiffs have not presented any evidence that AIS's medical response caused or added to the plaintiffs' injuries, AIS is entitled to judgment as a matter of law on the plaintiffs' claims. Accordingly, AIS's motion for summary judgment is GRANTED. The plaintiffs' claims against AIS are hereby dismissed.

---

carried him upside-down because his head had been injured.  In any event, this factual dispute is immaterial:  Even if this Court agrees that AIS breached a duty to transport Mr. Exley with his head up at all times (which AIS denies), the Court finds that the plaintiffs have failed to present any evidence that AIS's response in any way caused or exacerbated Mr. Exley's injuries.  The record is silent, except for Mr. Exley's self-interested generalizations.

New Orleans, Louisiana, March 28, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE